WAYNE PARSONS LAW OFFICES
WAYNE PARSONS, #1685
1406 Colburn Street, Suite 201C
Honolulu, Hawaii 96817
Tel: (808) 845-2211
Fax: (808) 843-0100
E-mail: wparsons@hawaii.rr.com

HERMAN LAW
JEFF HERMAN, FBN 52164
(pending application for *pro hac vice* admission)
ARICK W. FUDALI, FBN  85899
(pending application for *pro hac vice* admission)
3351 NW Boca Raton Boulevard
Boca Raton, FL 33431
Tel:  305-931-2200
Fax:  305-931-0877
E-mail jherman@hermanlaw.com
E-mail afudali@hermanlaw.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GABRIEL WAGNER, | ) CIVIL NO.: **16-186** |
| | ) |
| Plaintiff, | ) **COMPLAINT; DEMAND FOR** |
| | ) **JURY TRIAL; SUMMONS** |
| | ) |
| vs. | ) |
| | ) |
| LAHAINA BAPTIST CHURCH | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff, GABRIEL WAGNER, hereby sues Defendant, LAHAINA

BAPTIST CHURCH, and states the following:

## INTRODUCTION

Defendant LAHAINA BAPTIST CHURCH acted grossly negligent by allowing and facilitating Deacon Andrew Demello, an adult male, to sleep alone in a room on a youth trip with GABRIEL WAGNER, a 15 year old boy. This occurred despite Defendant's actual and constructive knowledge of Deacon Andrew Demello's history of inappropriate and aggressive behaviors with young males at the Church. Deacon Andy Demello sexually assaulted GABRIEL WAGNER in the room once alone with him.

## JURISDICTION, VENUE, AND PARTIES

1.     Plaintiff, GABRIEL WAGNER is a citizen and resident of Orange County, California, and is *sui juris*.

2.     Defendant, LAHAINA BAPTIST CHURCH is a Domestic Nonprofit Corporation with its principle place of business in Lahaina, Hawaii.

3.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds $75,000.00 and the action is between citizens of different states.

4.     A substantial part of the acts, events, or omissions giving rise to Plaintiff's claims arose in and around Maui, Hawaii. Therefore, pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the District of Hawaii.

## **FACTS**

5.      When GABRIEL WAGNER was approximately 13 years old, he began attending youth activities and church services at LAHAINA BAPTIST CHURCH.

6.      In approximately 1991, after Mr. Wagner had moved to San Diego, California, he learned of a youth group trip to Texas organized by LAHAINA BAPTIST CHURCH.  GABRIEL WAGNER then returned to Hawaii, and traveled to Texas under the supervision and control of LAHAINA BAPTIST CHURCH.

7.      GABRIEL WAGNER was one of 8-10 boys on the trip who were supervised by three male adults, one of which was Deacon Andrew Demello (hereinafter "Demello"). The Head Pastor of the Church, Rudy Zachary, was in charge of the trip.

8.      For the first couple of nights, the entire group slept in a large dormitory room.  After a few nights, upon information and belief, Demello decided he wanted to sleep by himself in a room with GABRIEL WAGNER.

9.      Upon information and belief, Demello requested to Head Pastor Rudy Zachary that he sleep in a room alone with GABRIEL WAGNER.

10.      As Head Pastor, upon information and belief, Rudy Zachary was the highest ranking official at the church and was the highest ranking official in charge of the youth trip.

11.     Head Pastor Rudy Zachary knew, or in the exercise of reasonable care, should have known, that Demello's suspicious request was based on inappropriate or illicit desires or intentions, and that Denello was not safe have such unfettered access to a young boy.

12.     Further, upon information and belief, LAHAINA BAPTIST CHURCH had actual and constructive notice that Demello had engaged in inappropriate and aggressive behavior with young boys for which he had been reprimanded, that made it reasonably foreseeable that he was dangerous to be around young boys.

13.     Despite knowledge that Demello had a history of inappropriate behavior with young males at the church, and had suspiciously requested to sleep in a room alone with a young male, Head Pastor Rudy Zachary not only granted Demello's request, but facilitated the sleeping arrangement so that GABRIEL WAGNER could sleep alone with Demello.

14.     GABRIEL WAGNER objected to the new room assignment, and asked that he not be left to sleep alone with Demello. Head Pastor Rudy Zachary, however, forced GABRIEL WAGNER to sleep alone in a room with Demello.

15.     While GABRIEL WAGNER was stuck in the room alone with Demello, GABRIEL WAGNER awoke to find Demello standing next to his bed. Demello then forcefully and violently raped GABRIEL WAGNER by sodomizing him as GABRIEL WAGNER helplessly attempted to fight him off.

16.     Once Demello completed the rape, he threated to kill GABRIEL WAGNER and his family if he were ever to tell anyone.

17.     The next morning, Demello cornered GABRIEL WAGNER grabbed him by the neck and slammed him against the wall.  Demello then repeated his threat from the night before.

18.     As an actual, legal, and proximate result of the sexual abuse of Plaintiff by Andrew Demello, Plaintiff has suffered, is suffering, and will continue to suffer: a) severe psychological, mental, and emotional injuries and trauma; b) expenses for counseling and therapy for the psychological, mental and emotional injuries and trauma; c) loss of enjoyment of life; d) shame, humiliation, and indignity; and e) substantial future expenses for counseling.

19.     Defendant's gross negligence of allowing an adult male with a history of inappropriate and aggressive behavior with young males to sleep alone in a room with a young male demonstrated willful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences.

## COUNT I
### (Negligence)

20.     GABRIEL WAGNER re-alleges each and every allegation contained in paragraphs 1 through 20, as though fully set forth herein, and further states:

21.     LAHAINA BAPTIST CHURCH organized, controlled, and was responsible for the youth trip to Texas.

22.    The sexual abuse by Andrew Demello upon GABRIEL WAGNER was committed while Demello and WAGNER were engaged in the activities of the youth trip, for which LAHAINA BAPTIST CHURCH was responsible and in control.

23.    LAHAINA BAPTIST CHURCH had the duty to exercise reasonable care and diligence in safeguarding student youth trips sponsored by LAHAINA BAPTIST CHURCH.

24.    As Head Pastor of LAHAINA BAPTIST CHURCH, Rudy Zachary was the highest ranking official of the Church, and therefore, his actions and inactions are imputed to the Church.

25.    As Head Pastor, and the highest ranking official in charge of the youth trip, it was in the course and scope of Rudy Zachary's duties to ensure the safety of the boys on the youth trip.   Therefore, LAHAINA BAPTIST CHURCH is vicariously liable for Rudy Zachary's negligence in the course and scope of carrying out his duties during the trip.

26.    LAHAINA BAPTIST CHURCH was in a special relationship with GABRIEL WAGNER, in that he was a minor who relied upon LAHAINA BAPTIST CHURCH to keep him safe while during the youth trip away from home.

27.    LAHAINA BAPTIST CHURCH stood *in loco parentis* with GABRIEL WAGNER.

28.    Due to its special relationship with GABRIEL WAGNER, LAHAINA BAPTIST CHURCH had a duty to exercise ordinary and reasonable care to insure that no unnecessary harm befell GABRIEL WAGNER and that he was not exposed or made vulnerable to sexual predators during the trip.

29.    In the exercise of reasonable care, LAHAINA BAPTIST CHURCH had a duty to protect GABRIEL WAGNER from foreseeable harm by adult males on the trip.

30.    LAHAINA BAPTIST CHURCH was in a special relationship with Andrew Demello in that he was employed as a Deacon at LAHAINA BAPTIST CHURCH, and Defendant had special knowledge of his history of prior reported inappropriate interactions with young males.

31.    Due to its special relationship with Andrew Demello, LAHAINA BAPTIST CHURCH had a duty to exercise reasonable care to ensure that he did not harm children on the trip.

32.    Due to LAHAINA BAPTIST CHURCH's special relationships with GABRIEL WAGNER and Andrew Demello, LAHAINA BAPTIST CHURCH's special knowledge concerning the history of Andrew Demello's inappropriate and aggressive behaviors with young males, and LAHAINA BAPTIST CHURCH's special knowledge that Andrew Demello specifically requested to sleep alone in a room with GABRIEL WAGNER, it was foreseeable that Andrew Demello would

harm GABRIEL WAGNER if he were allowed sleep alone in a room with Gabriel Wagner.

33.   LAHAINA BAPTIST CHURCH negligently failed to exercise reasonable care and protect GABRIEL WAGNER from foreseeable harm by Andrew Demello.

34.   Lahaina Baptist Church had a duty to implement adequate policies and procedures to ensure the safety of the students under LAHAINA BAPTIST CHURCH's care regarding adult males sleeping alone with boys during youth trips.

35.   It was foreseeable that if LAHAINA BAPTIST CHURCH negligently failed to implement adequate policies and procedures preventing adult males sleeping alone in rooms with young boys on youth trips, young boys would be sexually assaulted by adult males alone in the rooms.

36.   Lahaina Baptist Church was wanton, reckless, officially tolerant and deliberately indifferent to the foreseeable sexual assault by Denello.

37.   As a result of the negligence of LAHAINA BAPTIST CHURCH, Deacon Andrew Demello committed an act of sexual assault upon GABRIEL WAGNER, causing him to suffer severe and debilitating psychological injuries.

WHEREFORE, Plaintiff demands against Defendant Singer an amount exceeding $75,000.00 for: 1) compensatory damages; 2) punitive and exemplary damages; 3) costs of the suit; 4) reasonable attorney's fees; 5) post-judgment

interest as permitted by law; and 6) such other and further relief as the Court may deem proper.

## FILING OF CERTIFICATE OF MERIT

37. Pursuant to HRS §657-1.8(d), Plaintiff has obtained and is filing a certificate of merit with the Clerk of the United States District Court for the District of Hawaii. The manner of the filing of the certificate of merit is subject to a ruling by this Court pursuant to Plaintiff's Motion For Leave Of Court To File Certificate of Merit Under Seal In A Traditional Paper Format.

Dated: HONOLULU, HAWAII, April 22, 2016.


/s/Wayne Parsons
WAYNE PARSONS
JEFF HERMAN
(pending application for *pro hac vice* application)
ARICK W. FUDALI
(pending application for *pro hac vice* application)
  Attorneys for Plaintiffs