IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| GABRIEL WAGNER, | ) | Civil No. 16-00186 HG-RLP |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| LAHAINA BAPTIST CHURCH, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |
|  | ) |  |

**ORDER DENYING DEFENDANT LAHAINA BAPTIST CHURCH'S MOTION TO DISMISS (ECF NO. 16)**

Plaintiff Gabriel Wagner filed a Complaint alleging a negligence cause of action against Defendant Lahaina Baptist Church.  Plaintiff claims that he was sexually assaulted by one of Defendant's deacons in 1991, during a youth group trip to Texas.

Defendant has filed a motion to dismiss, asserting that Plaintiff fails to state a claim upon which relief may be granted, as Plaintiff's claim is (1) time-barred and (2) does not qualify for an extension of the statute of limitations pursuant to Haw. Rev. Stat. § 657-1.8(b).

Defendant's Motion to Dismiss (ECF No. 16) is **DENIED.**

**PROCEDURAL HISTORY**

On April 22, 2016, Plaintiff Gabriel Wagner ("Plaintiff")

1

filed a Complaint.  (ECF No. 1).

On July 18, 2016, Defendant Lahaina Baptist Church ("Defendant") filed DEFENDANT LAHAINA BAPTIST CHURCH'S MOTION TO DISMISS COMPLAINT FILED 04/22/16 [DKT #1] FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. RULE 12(b)(6).  (ECF No. 16).

On August 11, 2016, Plaintiff filed PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT. (ECF No. 21).

On August 29, 2016, Defendant filed DEFENDANT LAHAINA BAPTIST CHURCH'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT FILED 4/22/16 [DKT #1] FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. RULE 12(b)(6) FILED ON 07/18/16 [DKT #16].  (ECF No. 23).

On September 22, 2016, the Court held a hearing on Defendant's Motion to Dismiss.  (ECF No. 26).

## BACKGROUND

Plaintiff Gabriel Wagner ("Plaintiff") claims that when he was approximately 13 years old, he attended youth activities and church services at the Lahaina Baptist Church ("Defendant"). (Complaint at ¶¶ 5-6, ECF No. 1).

According to Plaintiff, the Defendant organized a youth group trip to Texas in 1991.  (Id. at ¶ 6).  Plaintiff states

2

that 8-10 boys, including Plaintiff, went on the trip.  Plaintiff asserts that the boys were accompanied by three male adults, including head pastor Rudy Zachary ("Zachary") and church deacon Andrew Demello ("Demello").  (<u>Id.</u> at ¶ 7).  According to Plaintiff, Zachary was the Defendant's highest ranking official, and was also the highest ranking official on the trip.  (<u>Id.</u> at ¶ 10).

Plaintiff alleges that the Defendant and Zachary were aware that Demello had previously behaved in an inappropriate and aggressive manner with young boys.  Plaintiff indicates that prior to the 1991 trip to Texas, Demello had been reprimanded for his past conduct.  (<u>Id.</u> at ¶¶ 12-13).

Plaintiff states that during the first few nights of the trip, the entire group of boys and the three males slept together in a large dormitory room.  Plaintiff alleges that after a few nights, Demello asked Zachary to sleep in a separate room with Plaintiff alone.  (<u>Id.</u> at ¶¶ 8-9).  According to Plaintiff, Zachary granted Demello's request and arranged for Plaintiff to sleep with Demello.  (<u>Id.</u> at ¶ 13).  Plaintiff states that he objected to the new sleeping arrangement, but Zachary forced him to sleep in the same room as Demello.  (<u>Id.</u> at ¶ 14).

Plaintiff alleges that on one night after he and Demello began sleeping alone in the same room, Demello sexually abused him.  Plaintiff also claims that Demello threatened to kill him

3

and his family if he informed anyone of Demello's actions.  (Id. at ¶ 15-16).   According to Plaintiff, Demello approached him the morning after the incident, slammed him against the wall, and threatened him again.  (Id. at ¶ 17).

Plaintiff asserts that he has suffered and continues to suffer injuries and emotional distress as a result of the sexual abuse that occurred on the trip to Texas.  (Id. at ¶ 18).


## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule (8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id. at 699.  The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th

Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context.  550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases.  129 S.Ct. 1937 (2009).  The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer

5

possibility that a defendant has acted unlawfully.  Id. (quoting
Twombly, 550 U.S. at 556).  Where a complaint pleads facts that
are "merely consistent with" a defendant's liability, it "stops
short of the line between possibility and plausibility of
'entitlement to relief.'"  Id. (quoting Twombly, 550 U.S.
at 557).

     The complaint "must contain sufficient allegations of
underlying facts to give fair notice and to enable the opposing
party to defend itself effectively" and "must plausibly suggest
an entitlement to relief, such that it is not unfair to require
the opposing party to be subjected to the expense of discovery
and continued litigation."  AE ex rel. Hernandez v. Cnty. of
Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations
omitted).

## ANALYSIS

     The Defendant Lahaina Baptist Church ("Defendant") asserts
that Plaintiff Gabriel Wagner ("Plaintiff") has failed to state a
claim upon which relief may be granted.  The Defendant states
that Plaintiff's negligence claim is time-barred, as Plaintiff
alleges that the sexual abuse occurred 25 years ago.  Defendant
argues that Plaintiff's claim does not qualify for an extension
of the statute of limitations pursuant to Haw. Rev. Stat. § 657-
1.8(b) ("Section 657-1.8(b)").

Section 657-1.8(b) provides in relevant part that:

(b) For a period of four years after April 24, 2012, a victim of child sexual abuse **that occurred in this State** may file a claim **in a circuit court of this State against the person who committed the act** of sexual abuse if the victim is barred from filing a claim against the victim's abuser due to the expiration of the applicable civil statute of limitations that was in effect prior to April 24, 2012.

**A claim may also be brought under this subsection against a legal entity if:**

> (1) The person who committed the act of sexual abuse against the victim was employed by an institution, agency, firm, business, corporation, or other public or private legal entity that owed a duty of care to the victim; or

> (2) The person who committed the act of sexual abuse and the victim were engaged in an activity over which the legal entity had a degree of responsibility or control.

Haw. Rev. Stat. § 657-1.8(b) (emphasis added).

The Defendant argues that Section 657-1.8(b)'s extension of the statute of limitations does not apply to Plaintiff's claim. The Defendant argues that (1) the law's language indicates that the extension applies only to lawsuits concerning acts of abuse that occurred in Hawaii; and (2) the statute requires Plaintiff to file his lawsuit in the state circuit court, rather than in federal court.

The Hawaii courts interpret a statute by first looking to its language. If the statutory language is plain and unambiguous, the courts give effect to the statute's plain meaning. Haw. State Teachers Ass'n v. Abercrombie, 271 P.3d 613,

7

615 (Haw. 2012) (quoting Haw. Gov't Emps. Ass'n, AFSCME Local 152, AFL-CIO v. Lingle, 239 P.3d 1, 6 (Haw. 2010)).  If the statutory language is ambiguous, the Hawaii courts look to the context in which the ambiguous terms are used.  Id.

Implicit in the analysis of a statute's terms is the consideration of the legislature's intent.  Haw. State Teachers Ass'n, 271 P.3d at 615.  The Hawaii Supreme Court has recognized that state statutes should be interpreted in a manner that avoids absurd, contradictory, illogical, and inconsistent results.  Seki ex rel. Louie v. Haw. Gov't Emps. Ass'n, AFSCME Local No. 152, AFL-CIO, 328 P.3d 394, 409-10 (Haw. 2014); Gray v. Administrative Dir. of the Court, 931 P.2d 580, 590 (Haw. 1997).

## I. SECTION 657-1.8(b) PERMITS PLAINTIFF TO FILE SUIT AGAINST A LEGAL ENTITY REGARDING ACTS OF SEXUAL ABUSE THAT OCCURRED OUTSIDE THE STATE OF HAWAII

The Defendant argues that Plaintiff's claim must be dismissed, as Section 657-1.8(b)'s extension of the applicable statute of limitations applies only to acts of sexual abuse that occurred in Hawaii, and Plaintiff alleges that he was abused in Texas.

Section 657-1.8(b) permits a plaintiff to file a claim concerning acts of sexual abuse against (1) the perpetrator; (2) the entity that employed the perpetrator and owed a duty of reasonable care to the victim; and (3) the entity that had a

degree of responsibility or control over the activity that the perpetrator and victim were engaged when the sexual abuse occurred.  Haw. Rev. Stat. § 657-1.8(b).

As to claims against the perpetrator, Section 657-1.8(b) limits its applicability to acts of sexual abuse that occurred in the State of Hawaii.  Haw. Rev. Stat. § 657-1.8(b).  The plain language of the statute, however, does not contain a geographical qualifier on claims against the employing or supervisory entities.

A broad reading of Section 657-1.8(b) that permits claims against an entity regardless of where the act of abuse occurred comports with the purpose of the statute and the intent of the state legislature.  See Haw. State Teachers Ass'n, 271 P.3d at 615.  The state legislature enacted Section 657-1.8(b) to afford victims of child sex abuse "a fair chance" to pursue claims against perpetrators and the entities that hold some degree of responsibility for placing the victim in a position where he may be abused.  Haw. Sen. Stand. Com. Rep. No. 2473 (Mar. 1, 2012); Haw. Hse. Stand. Com. Rep. No. 1574-12 (Apr. 5, 2012).  The lack of a geographical limitation on claims against entities represents a public policy decision to place a broad burden on organizations to ensure that they vet individuals who come into contact with children, and to ensure that children are adequately supervised and protected from acts of sexual abuse.  The Hawaii

9

Supreme Court has recognized that organizations which place
adults in positions of trust and in close proximity with children
bear an expansive legal burden to protect children under their
custody and care.  See Doe Parents No. 1 v. State, Dep't of
Educ., 58 P.3d 545, 579-93 (Haw. 2002).

The Complaint alleges conduct that the state legislature
intended Section 657-1.8(b) to cover.  The Complaint claims that
prior to the 1991 trip to Texas, the Defendant and its head
pastor, Rudy Zachary ("Zachary"), were aware that deacon Andrew
Demello ("Demello") had previously behaved in an inappropriate
manner with young boys.  (Complaint at ¶¶ 12-13, ECF No. 1).  The
Complaint indicates that despite knowing of Demello's troubling
history, the Defendant and Zachary sent Demello on a trip to
Texas with Plaintiff, and granted Demello's request to sleep with
Plaintiff alone in a room.  (Id. at ¶¶ 8-9; 13-14).  Plaintiff
alleges that the Defendant's gross negligence, which began in
Hawaii and continued in Texas, permitted Demello to sexually
abuse Plaintiff.  (Id. at ¶¶ 15-16).

Section 657-1.8(b) allows Plaintiff to bring his claim
against the Defendant for acts of sexual abuse that occurred
outside the State of Hawaii.

## II. SECTION 657-1.8 PERMITS PLAINTIFF TO FILE HIS CLAIM IN FEDERAL COURT

The Defendant asserts that Section 657-1.8(b) deprives this

10

Court of subject matter jurisdiction of Plaintiff's claim, as the statute provides that Plaintiff "may file a claim in a circuit court of this State," but is silent as to Plaintiff's ability to file his claim in federal court.

The United States Supreme Court and Ninth Circuit Court of Appeals have long held that state laws may not restrict the jurisdiction of the federal courts.  See Marshall v. Marshall, 547 U.S. 293, 313 (2006); Chicago & N.W.R. Co. v. Whitton, 80 U.S. 270, 286 (1871); BNSF Ry. Co. v. O'Dea, 572 F.3d 785, 788 (9th Cir. 2009).  "The district court's diversity jurisdiction is a creature of federal law under Article III and 28 U.S.C. s 1332(a).  Pursuant to the supremacy clause, section 1332(a) preempts any contrary state law."  Begay v. Kerr-McGee Corp., 682 F.2d 1311, 1315 (9th Cir. 1982).

The state legislature did not intend Section 657-1.8(b) to run afoul of long-standing federal law; such an interpretation would be illogical.  See Seki ex rel. Louie, 328 P.3d at 409-10. Section 657-1.8(b) directed plaintiffs seeking redress in the state court system to file their complaints in the circuit court. The statute was not intended to deprive the federal court of jurisdiction.  See U.S. Composite Pipe S., LLC v. Frank Coluccio Const. Co., No. CIV. 12-00538 JMS-KSC, 2014 WL 3778539, at *4-5 (D. Haw. July 30, 2014) (holding that a Hawaii statute's reference to judicial review by "a circuit court of this State"

11

did not deprive the federal court of subject matter
jurisdiction); <u>Quill v. Catholic Diocese of Wilmington, Inc.</u>, No.
CIV. 07-435-SLR, 2008 WL 193000, at *2 (D. Del. Jan. 23, 2008).


<u>**CONCLUSION**</u>

Haw. Rev. Stat. § 657-1.8(b) permits Plaintiff Gabriel
Wagner to bring his claim against an entity, such as the
Defendant Lahaina Baptist Church, for acts of sexual abuse that
occurred outside the State of Hawaii.  The statute also allows
Plaintiff to file his claim in federal court.

Defendant Lahaina Baptist Church's Motion to Dismiss (ECF
No. 16) is **DENIED.**


IT IS SO ORDERED.

DATED: September 22, 2016, Honolulu, Hawaii.



Helen Gillmor
United States District Judge


<u>GABRIEL WAGNER v. LAHAINA BAPTIST CHURCH</u>; Civil No. 16-00186 HG-
RLP; **ORDER DENYING DEFENDANT LAHAINA BAPTIST CHURCH'S MOTION TO
DISMISS (ECF NO. 16).**